## ROSS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7863.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 19, 1941.

Decided Jan. 23, 1942.

Llewellyn A. Luce, of Washington, D. C. (Bernard Fliashnick of New York City, on the brief), for petitioner.

Bernard C. Chertcoff, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Sherley Ewing, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The facts of this case are as follows: The petitioner is the widow of Henry D. Dechant who died on February 9, 1931. The petitioner married her present husband, C. Chandler Ross on November 7, 1931. When Dechant died he left the petitioner $300,000 in insurance, a life interest in an estate worth approximately $3,000,-000, and real estate located in Florida and New Hampshire. In March, 1932, letters were exchanged between the taxpayer and her husband whereby it was agreed that she should pay him $25,000 a year in consideration of his giving up his profession as a portrait painter and devoting all of his time to looking after her financial and business affairs. This agreement was to be in force for five years unless sooner terminated by mutual consent. The agreement was renewed and has continued in effect.

The petitioner sought to claim as a deduction for 1935, 1936 and 1937 the sum of each year's salary paid to her husband under the agreement referred to. She also claims as deductible items specified legal and accounting expenses incurred in connection with certain trusts. As to these it may be stated that the petitioner was dissatisfied with the activities of William H. Berg, trustee of both trusts and president of Health Products Company, a corporation organized by the petitioner's late husband and from which a large part of her income was derived. As a result of legal proceedings instituted by the petitioner with the aid of Ross and counsel Berg resigned as president and returned certain stock of the corporation theretofore voted to him. Ross also looked after the taxpayer's real estate and her investments. He was in fact a sort of general agent for her.

The Board of Tax Appeals held that the expenditures referred to could not be deducted from the taxpayer's gross income for the respective years pursuant to the provisions of Sections 23(a) of the Revenue Acts of 1934 and 1936, respectively, c. 277, 48 Stat. 680 and c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Code, § 23(a) as ordinary and necessary expenses incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. The taxpayer has petitioned this court for review.

The gravamen of the taxpayer's complaint is that the Board disregarded competent and material evidence to the effect that the petitioner was actually engaged in business, pointing out for example that it was stipulated that Ross actually received the stated salary in the years in question for acting as her business manager. The taxpayer lays too much emphasis upon the fact that Ross served as her business manager at a substantial salary. This fact was one to be considered by the Board along with other relevant testimony. The taxpayer's interest in the Health Products Company was actuated by the fact that the

corpus of the principal Dechant trust consisted of the stock of that company. Ross testified that he "had no active participation whatsoever" in the actual conduct of the affairs of Health Products Company. The taxpayer and her husband were interested in procuring competent management for it. They were interested in seeing that it paid dividends. With this, as a practical matter, their interest came to an end. In this respect the case at bar bears resemblance to Deputy v. Du Pont, 308 U. S. 488, 60 S.Ct. 363, 84 L.Ed. 416. The taxpayer in the instant case was protecting and endeavoring to enhance a personal investment.

As to Ross's activities in respect to the mortgage certificates owned by the petitioner, these also were for the protection of his wife's personal interests. It is true that Ross rented for the taxpayer certain residences but these were comparatively minor matters. Mrs. Ross can scarcely be regarded as a real estate operator. We think that the petitioner was not engaged in business and in fact did not hold herself out to be so engaged.

We conclude that the Board did not disregard competent testimony. On the contrary it weighed all the evidence and, we think, reached the correct result. The case at bar is governed by the decision of the Supreme Court in Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783, and by the decision of this court in White's Will v. Commissioner, 3 Cir., 119 F.2d 619. See, also, Helvering v. Wilmington Trust Company, 3 Cir., 124 F.2d 156. The expenses here under consideration cannot be deemed to be ordinary and necessary expenses incurred in carrying on a trade or business.

The decision of the Board of Tax Appeals is affirmed.